UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE MARIE DOHME,
    Plaintiff

vs

CINCINNATI CHILDREN'S HOSPITAL
MEDICAL CENTER,
    Defendant

Case No. 1:11-cv-016
Weber, J.
Litkovitz, M.J.

ORDER

This matter is before the Court following a discovery conference held on August 2, 2012, before the undersigned magistrate judge. Plaintiff brings this action against her former employer alleging, *inter alia*, disability discrimination and interference and retaliation under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. After considering the position statements and arguments of the parties, the pending discovery issues have been resolved as follows:

1. <u>Plaintiff's Interrogatories 4 and 5</u> seek files for every APN (nurse) in the neurosurgery department between 2006 and 2010, which encompasses the two years prior and subsequent to plaintiff's termination. Defendant contends this request is overbroad and should be limited to APNs similarly situated to plaintiff, *i.e.*, those in their orientation period, as different standards are applied to long-term employees. Defendant also asserts it would be burdensome to produce this information as these files are expansive and because plaintiff did not request these documents until late in the discovery process. Defendant has agreed to produce six APN files of nurses in their orientation period.

Plaintiff asserts that she is not limited to the orientation files, but is entitled to all APN files regarding FMLA leave, orientation materials, employer relations materials, disciplinary files, and incident reports for the APNs in the neurosurgery department as comparator evidence. This

involves approximately 10 to 15 files.

The Court determines that the files sought by plaintiff are relevant and discoverable and orders that defendant produce the requested files for the 2006 through 2010 time frame.

2. Plaintiff's Document Request No. 2 seeks the policies and procedures applicable to plaintiff during her time in the neurosurgery department. Defendant agreed to produce this requested documentation and shall produce such documents forthwith.

3. Plaintiff's Interrogatory No. 12 and Document Request No. 1(I) seek personnel information relating to complaints of disability discrimination and/or violations of the FMLA, including how such complaints were handled, and hiring and firing information *hospital wide* for the years 2006 to 2010. At the conference, plaintiff clarified that her request is not limited to APNs reporting to APN Supervisor Nancy Roberto. As stated at the conference, the Court shall stay any ruling on these discovery requests pending the submission of additional materials by the parties. The parties shall provide supplemental materials to the chambers' email by August 10, 2012.

4. Plaintiff's Interrogatory No. 13 seeks information regarding nurses employed by defendant who have requested FMLA leave or an accommodation for the time period of 2006 to 2010. Plaintiff seeks the name of these individuals as well as information regarding whether their leave requests were granted, their current employment status with defendant, and address and telephone number information. Defendant offered to produce this information for the time period of 2007 to 2009, comprising the year before and the year after plaintiff was terminated. The Court determines that defendant must produce requested information for the period of 2007 to 2009.

5. Plaintiff's Interrogatory No. 10 seeks information regarding plaintiff's FMLA leaves including all documents related thereto in defendant's possession. Defendant represents that it has

produced all responsive documents in its possession and has included specific references to the pertinent documents by bates numbers. In light of defendant's representation and in the absence of any factual basis upon which the Court could conclude that additional documents exist that have not been produced, the Court will not require any further supplementation by defendant.

      6. <u>Plaintiff's Interrogatory No. 11</u> seeks information regarding the value of plaintiff's health insurance and other benefits. By agreement of the parties and with the consent of the Court, defendant need not produce this information until after the Court's ruling on any summary judgment motion, provided that such information is supplied to plaintiff at least two months prior to the trial of this case.

      7. <u>Plaintiff's Document Request No. 11</u> seeks information regarding staffing levels at the neurology department for the time period of 2008 to 2010. Plaintiff argues this evidence is relevant to explaining why her co-workers were retaliating against her for taking FMLA leave and as impeachment evidence to challenge the credibility of statements made by other employees that the department was not understaffed. Defendant has offered to provide this information for the time period of 2007 to 2009, which is one year before and one year after plaintiff's employment in the neurology department, contending that information from 2010 is irrelevant to plaintiff's treatment in 2008 during her employment. The Court agrees with defendant that staffing levels for 2010 are not relevant and will require defendant to produce the requested information for the period of 2007 to 2009.

      8. <u>Plaintiff's Document Requests Nos. 13 and 25</u> seek information regarding defendant's financial information. By agreement of the parties and with the consent of the Court, defendant need not produce this information until after the Court's ruling on any summary judgment motion, provided that such information is supplied to plaintiff at least two months prior to the trial of this

case.

Following the parties' submission of additional information and the Court's ruling on Plaintiff's Interrogatory No. 12 and Request to Produce No. 1(I), the Court will issue a revised scheduling order with new discovery and dispositive motion deadlines.

**IT IS SO ORDERED.**

Date: 8/6/12

Karen L. Litkovitz
United States Magistrate Judge